Barbara J. Duffy, WSBA No. 18885
Renee Grant Bluechel, WSBA No. 39500
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email: duffyb@lanepowell.com

HONORABLE RICARDO S. MARTINEZ

Attorneys for Defendant United Healthcare, Inc.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM E. WATKINS,<br>　　　　　　　Plaintiff,<br>v.<br>UNITED HEALTHCARE, INC.,<br>　　　　　　　Defendant. | Case No. C09-0163-RSM<br><br>**UNITED HEALTHCARE'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Noted For November 6, 2009** |

## I.  INTRODUCTION

United Healthcare, Inc. ("United") moves for summary judgment dismissing plaintiff William Watkins' ("Watkins") claims in their entirety. This case arises out of a group health insurance plan governed by the Employee Retirement Income Security Act ("ERISA"). Watkins asserts a breach of contract claim under Section 502(a) of ERISA claiming that United failed to pay certain prescription drug claims and failed to verify his insurance coverage to various medical providers.[1] As set forth in his Complaint and clarified through

---

[1] This is the second lawsuit Watkins has filed against United arising out of the subject ERISA plan. The first lawsuit was filed on or about January 31, 2007 and raised virtually identical claims to those raised herein. However, Watkins voluntarily dismissed that case on May 4, 2007 – one day after United properly removed the matter to this Court on the basis of federal question jurisdiction.

UNITED'S MOTION FOR SUMMARY JUDGMENT - 1
Case No. C09-0163-RSM

115616.0011/1729406.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

his initial disclosures statement, Watkins seeks damages under ERISA, including 29 U.S.C. 1161(a), consisting, in part, of the cost of: (a) prescription drugs from January 22, 2005 to present; (b) medical treatment from Dr. Julie Ann Lord from July 19, 2005 to present; and (c) physical therapy and knee surgery not yet incurred. Watkins' claim fails as a matter of law for the following reasons.

First, Watkins fails to allege facts sufficient to support a breach of contract claim under ERISA. He cannot produce evidence that United wrongfully denied his claim for prescription drug benefits or refused to verify insurance coverage. Watkins is unable to cite to a single claim determination to support this contention. Even if he could, his claim still fails because he failed to exhaust his administrative remedies before filing this lawsuit, as required under ERISA.

Second, Watkins is not entitled to the relief sought in this matter. Most of Watkins' alleged damages consist of medical treatments not yet received, or received *while he was uninsured*. These expenses are specifically precluded from recovery under ERISA. The remainder of his damages are either not identified and/or not recoverable under the relevant insurance plan or ERISA.

Third, to the extent that Watkins' Complaint raises state law causes of action, these claims are preempted by ERISA.

For the forgoing reasons, Watkins claims should be dismissed in their entirety.

## II. STATEMENT OF FACTS

**A.    The Parties.**

Watkins was employed by DS Waters of America LP ("DS"). DS maintained a group health insurance plan under group No. 147260 ("Plan") underwritten by United, for the benefit of its employees. Watkins enrolled for health insurance coverage under the Plan on or about August 19, 2003. *See* Declaration of Renee Grant Bluechel ("Bluechel Dec."), ¶ 2-3.

**B.    The Plan.**

UNITED'S MOTION FOR SUMMARY JUDGMENT - 2
Case No. C09-0163-RSM

115616.0011/1729406.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Pursuant to the Summary Plan Description ("SPD"), which Watkins received upon enrollment in the Plan, Plan benefits are available for covered services received by an insured prior to the date that any of the individual termination conditions are met. *See* Bluechel Dec. at Ex. A, p. 3. An insured's failure to pay a required contribution to the plan – *i.e.*, a premium – is specifically identified as one of the numerous events that can result in the termination of coverage. *Id.* at p. 57.

The SPD also identifies services which are not covered under the Plan. For example, in the section entitled "What's Not Covered – Exclusions", non-accident related dental care is listed as a service that is not covered under the Plan. *Id.* at p. 31. Prescription drug benefits are also detailed in this section as they are covered under a separate prescription drug rider. *Id.* Pursuant to the rider in effect over the relevant time period, prescription drug benefits were available in one of three ways: (a) directly through participating retail pharmacies; (b) by mail order; or (c) by filing a claim for prescription drug reimbursement. Declaration of Susan A. Linde ("Linde Dec."), ¶ 5. All mail order and prescription drug reimbursement claims had to be filed with Medco, a third party claims administrator. *Id.* Medco provided Mr. Watkins' employer information regarding the prescription drug coverage, including prescription drug reimbursement claim forms, to disseminate to employees insured under the Plan. *Id.* at 6.

The SPD also instructed insureds how to properly appeal a pre-certification and/or post-service claim determination. Insureds are required to submit a written appeal within 180 days of a claim determination specifying the following:

- The patient's name and the ID number;
- The date(s) of medical service(s);
- The provider's name;
- The reason the insured believes the claim should have been paid; and
- Any documentation or other written information to support the claim.

Bluechel Dec, Ex. A, p. 47.

UNITED'S MOTION FOR SUMMARY JUDGMENT - 3
Case No. C09-0163-RSM

115616.0011/1729406.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

### C. Watkins Allows Coverage Under the Plan to Terminate Due to Nonpayment.

Watkins was required to pay a $99.05 premium by the first of each month to maintain coverage under the Plan. Watkins paid this premium up through April, 2006. Linde Dec. at ¶ 4. He admittedly stopped paying further premiums from May 1, 2006 forward. *See* Complaint, ¶ 20. As a result, his coverage under the Plan terminated effective April 30, 2006. Linde Dec. at ¶ 4.

### D. Watkins' Sole Appeal – Limited to Services Not Covered Under the Plan and Medical Services Rendered While He Was Uninsured.

On or about March 20, 2008, nearly two years after his coverage under the Plan terminated, United received an undated letter from Watkins in which he demanded $100,000 as compensation for: (1) various dental bills and prescription drug expenses he allegedly incurred in 2005; (2) future knee surgery; (3) outpatient therapy; and (4) alleged emotional distress. Bluechel Dec, Ex. B.

In the letter, which was the first and only correspondence United received from Watkins, Watkins admitted that he stopped paying insurance premiums in 2005. Notwithstanding, he alleged that United unfairly terminated his coverage under the Plan by failing to verify that he had coverage when contacted by his medical providers. He also referred to two handwritten letters he allegedly sent to United in 2005 in which he claims represented his appeal of United's actions. *Id.*

The first letter, dated August 26, 2005, states in whole:

> I am paying Ceridian Billing Services monthly as I am billed but my medical providers call to verify my coverage and are told I have no insurance. I am not able to get my dental work done, my follow up physical therapy, etc. after my operation. Please correct this ASAP.

*Id.* (emphasis omitted).

UNITED'S MOTION FOR SUMMARY JUDGMENT - 4
Case No. C09-0163-RSM

115616.0011/1729406.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

The second letter, which is undated, states:

> Attached is a copy of the letter I sent you two months ago – my bills are not being paid – if a provider phones up for coverage verification they are told I am uninsured. I have medical, dental and drug needs that are urgent.

*Id.* at Ex. B. (emphasis omitted).

United has no record of receiving either letter prior to their inclusion with the March 20th, 2008 letter. Linde Dec. at ¶ 10. Regardless, neither letter constitutes an appeal as required by the SPD. The letters do not identify the type of services for which coverage confirmation was sought, the date on which the request was made or the medical provider making the request. Moreover, they refer to claims and certification for dental services specifically excluded under the Plan and prescription drug coverage with a separate claim process. *Id.* at ¶ 11. As to his claim for unpaid medical bills, Watkins acknowledged in his March 2008 letter that all prior medical bills had been paid:

> It appears that the ***medical bills have now been paid*** up until the time of the appeal. However, ***I have not been compensated for dental bills and for prescriptions*** that were covered. I have attached documentation of these bills. I have circled the ones that I have paid myself.

Bluechel Dec., Ex. B. (emphasis added).

In response, United informed Mr. Watkins that (1) the Plan did not cover dental services – Watkins' dental coverage was provided through Cigna, an independent insurance company having no affiliation with United; and (2) prescription drug reimbursement claims should be filed through Medco, not United. Linde Dec., ¶ 8. United even requested the prescription drug reimbursement claim forms from Medco on Watkins' behalf and provided instructions concerning the documentation he would need to complete a claim. *Id.* Notably, Mr. Watkins never filed a claim for prescription drug reimbursement. *Id.* at ¶ 9.

E.     **Current Lawsuit.**

UNITED'S MOTION FOR SUMMARY JUDGMENT - 5
Case No. C09-0163-RSM

115616.0011/1729406.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223 7000 FAX. 206.223.7107

On or about February 5, 2009, Watkins filed the present action. While his complaint is disjointed and vague at best, Watkins articulated his damages on or about May 22, 2009, as follows:

- Four identified prescription drug purchases in 2005 - $323.60;
- Future outpatient treatment for leg therapy – three times a week for twelve months @125.00/mo - $19,500;
- Future knee replacement surgery - $35,000;
- Unidentified services rendered by Dr. Lord from July 19, 2005 to present - $1320.20;
- Unidentified prescription drugs from 11/1/05 to present - $7,545.84.

*See* Bluechel Dec. at Ex. C.

### III.   ARGUMENT

**A.   Watkins Failed to State a Claim For Benefits Under ERISA.**

**1.   <u>Prescription Drugs Are Administered Through Medco, Not United – Watkins' Breach of Contract Claim for the Denial of Prescription Claims Must Be Denied.</u>** As explained above, Watkins' prescription drug benefits were administered through a separate pharmaceutical plan managed by Medco. Watkins failed to file a claim for prescription drug reimbursement with Medco despite receiving instruction from United to do so. Indeed, to date, Watkins still has not filed a claim for prescription drug benefits. For these reasons, Watkins' claim against United for prescription drug benefits fails as a matter of law.

**2.   <u>United Did Not Withhold Verification of Watkins' Medical Coverage.</u>** United has no record of receiving a request pre-certification for medical services while Watkins was insured under the Plan. Watkins has not identified the alleged medical providers that contacted United, the date of contact, or the service authorization that was requested and refused. Simply put, he has failed to provide details concerning the authorization requests to which United can meaningfully respond. Without more, his claim fails for lack of factual support.

UNITED'S MOTION FOR SUMMARY JUDGMENT - 6
Case No. C09-0163-RSM

115616.0011/1729406.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

3. **<u>Watkins Failed to Exhaust His Administrative Remedies.</u>** Even if Watkins were able to identify a wrongful claim determination (which he cannot do), his claim should still be dismissed because he failed to exhaust his administrative remedies before brining this lawsuit.

The general rule under ERISA is that "a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *See Diaz v. United Agric. Employee Welfare Benefit Plan and Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995). This doctrine is consistent with ERISA's background and supports several policy considerations – such as the reduction of frivolous claims. *Id.* Indeed, one of the primary reasons behind the exhaustion requirement is to ensure that only fully considered actions come before the Court. *Amato v. Bernard*, 681 F.2d 559, 568 (9th Cir. 1980). Thus, courts not only have the authority to enforce the exhaustion of remedies requirement in an ERISA suit, but should do so as a matter of sound policy. *Id.*

In this case, Watkins never filed an appeal of United's claim determinations. The March 20, 2008 letter, which is the only appeal on file in this matter, was limited to Watkins' claim for dental services and prescription drugs – neither of which were covered under the Plan. Accordingly, he failed to exhaust his administrative remedies in this action and his claim for breach of contract, must be denied.

B. **Watkins' Alleged Damages Are Either Precluded Under ERISA and/or The Terms of the Plan.**

1. **<u>As a Threshold Matter, Watkins Is Not Entitled to Damages Under Section 1161(a)</u>.** Watkins' Complaint seeks, in part, an award of damages under 29 U.S.C. § 1161– a COBRA provision which permits an employee to elect the continuation of insurance coverage based on one of six qualifying events:

- The death of a covered employee;
- The termination, or reduction of hours, of the covered employee's employment;

UNITED'S MOTION FOR SUMMARY JUDGMENT - 7
Case No. C09-0163-RSM

115616.0011/1729406.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

- The divorce or legal separation of the covered employee from the employee's spouse;
- The covered employee being entitled to benefits under title XVIII of the Social Security Act;
- A dependent child ceasing to be a dependent child under the generally applicable requirements of the plan; and
- A preceding in a case under Title 11, commencing on or after July 1, 1986, with respect to the employer from whose employment the covered employee retired at any time.

See 29 U.S.C. § 1163.

Watkins stopped paying his insurance premium and allowed his coverage under the Plan to terminate. A failure to pay premium is not a qualified event for the continuation of coverage under Section 1161. Accordingly, that provision has no application to this matter and Watkins' claim for damages thereunder must be dismissed.

**2.    Watkins' Claim for Medical Services Received After the Date His Policy Terminated Must Be Denied.** Watkins allowed his coverage under the Plan to terminate at the end of April 2006 due to the non-payment of premium. Regardless of his alleged justification for doing so, ERISA does not allow him to recover benefits beyond that period. His remedies are specifically limited under ERISA to

> ***benefits due to him*** under the terms of his plan, to ***enforce his rights under the terms of the plan***, or to ***clarify his rights*** to future benefits under the terms of the plan.

29 U.S.C. 1132(a)(1)(B) (emphasis added).

Thus, Watkins' claim for the cost of a future knee replacement surgery, outpatient therapy, prescription drugs and unspecified services administered by Dr. Lord – *all of which have yet to occur or were incurred while he was uninsured* – must be denied. These costs represent a claim for extra-contractual damages which is precluded under ERISA. *See Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1010 (9th Cir. 1998).

UNITED'S MOTION FOR SUMMARY JUDGMENT - 8
Case No. C09-0163-RSM

115616.0011/1729406.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

The Supreme Court articulated this rule in *Massachusetts Mutual Life Insurance Co. v. Russell*. There, the beneficiary of a group disability plan sought extra-contractual damages for improper and delayed claims processing which allegedly forced her husband to cash out his retirement account and caused her to suffer psychological and physical ailments. 473 U.S. at 137, 105 S.Ct. 3085. Denying the beneficiary's claim, the Supreme Court emphasized the "stark absence – in the statute itself and in its legislative history – of any reference to an intention to authorize the recovery of extra-contractual damages." *Id.* at 148. The six integrated civil enforcement provisions in Section 502(a) "provide strong evidence that Congress did ***not*** intend to authorize other remedies that it simply forgot to incorporate expressly." Id. at 146. (emphasis original).

3. **<u>Watkins' Remaining Claim for Benefits While Insured Must Also Be Denied</u>**. The only damages included in Watkins' claim which conceivably relate to the period in which *he was insured* under the Plan include (1) treatments by Dr. Lord from July 19, 2005 – April 30, 2006; and (2) prescription drug purchases from January 2005 – April 30, 2006. *See* Plt's Initial Disclosures, pp.2-3. These claims must also be denied.

As to services provided by Dr. Lord, Watkins fails to provide any information to support a finding that United wrongfully denied benefits under the Plan. Both his complaint and initial disclosure statement fail to detail the type of services rendered, the date of service, or the reason the claim should have been paid (assuming a claim was filed). To the extent that Watkins attempts to specify the specific services rendered by Dr. Lord and included in his claim, United is prepared to respond accordingly.

With regard to his claim for prescription drug reimbursement, as previously discussed, prescription drugs were administered by Medco, not United. Watkins never filed a claim for prescription drug benefits. Accordingly, Watkins' claim for reimbursement of prescription drug costs must be dismissed.

UNITED'S MOTION FOR SUMMARY JUDGMENT - 9
Case No. C09-0163-RSM

115616.0011/1729406.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

**C. Watkins' State Law Claims – to the Extent They Are Asserted – Are Preempted By ERISA.**

While Watkins seeks relief primarily under ERISA, his Complaint contains several allegations which appear to raise various state law causes of action. For example, Watkins alleges, among other things, that "the defendant had knowledge that a breach would cause mental suffering;" "the parties knew when they agreed to the terms of the policy that a breach would result in consequential damages;" "the defendant refused to pay claims without conducting a reasonable investigation." *See* Complaint, ¶ 21-27. These allegations appear to raise claims of negligence, improper claims handling and/or a claim for extra-contractual damages. Out of an abundance of caution, United seeks summary judgment dismissing all such actions as preempted by ERISA.

ERISA supersedes any and all state law claims insofar as they may "relate to" an ERISA plan. 29 U.S.C. § 1144(a); *California Div. of Labor Standards Enforcement v. Dillingham Constru.*, 519 U.S. 316, 324-25 (1997); *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 138-40 (1990); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46-48 (1987). A state law claim "relates to" an ERISA plan if it has connection with or reference to such plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).

The Supreme Court explained that Congress intended the words "relate to" to be applied in their broadest sense, and to interpret ERISA as preempting only state laws specifically designed to effect employee benefit plans would be to ignore the remainder of Section 1144. *Id.* at 98. Indeed, courts have specifically held that causes of action such as those asserted by Watkins in this matter are preempted by ERISA insofar as they arise from or "relate to" a request for benefits under an ERISA plan. *See Egelhoff*, 532 U.S. 141, 147-49 (2001) (claim brought under Washington State statute preempted by ERISA); *Pilot Life*, 481 U.S. at 57 (state law bad faith claim preempted by ERISA); *Metropolitan Life*, 481 U.S. at

UNITED'S MOTION FOR SUMMARY JUDGMENT - 10
Case No. C09-0163-RSM

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

115616.0011/1729406.2

63-67 (state law contract and bad faith tort claims preempted by ERISA); *Bui v. American Telephone & Telegraph Co.*, 310 F.3d 1143, 1151 (9th Cir. 2002) (state law breach of contract claim preempted by ERISA); *Bast v. Prudential Ins. Co.*, 150 F.3d 1003, 1007-08 (9th Cir. 1998) (state law bad faith and Washington CPA claims preempted by ERISA); *Spain v. Aetna Life Ins. Co.*, 11 F.3d 129, 131-32 (9th Cir. 1993) (state law cause of action for negligent administration of claim preempted by ERISA); *Barr*, 808 F. Supp. at 754-56 (state law tort claims preempted by ERISA); *Cutler v. Phillips Petroleum Co.*, 124 Wn.2d 749, 763, 881 P.2d 216 (1994) (Washington state law claims for negligence, outrage, breach of contract, negligent misrepresentation and fraud preempted by ERISA).

The statutory preemption of ERISA is deliberately expansive so as to establish benefit plan regulations as a matter of exclusive federal concern. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987). The intent is to eliminate the threat of conflicting and inconsistent state and local regulations. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). There is no dispute that ERISA applies to this case. Accordingly, any and all state law claims conceivably set forth in Watkins' Complaint should be dismissed.

**D.  Summary Judgment Should Be Granted in This Matter.**

A defendant seeking summary judgment can do so in two ways. First, it can demonstrate that there is no genuine issues of material fact, and, as a matter of law, the moving party is entitled to judgment in its favor. *Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009). When ruling on the evidence, the facts and inferences will be viewed by the Court in the light most favorable to the nonmoving party. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997). Alternatively, a defendant can meet its burden by challenging the plaintiff's evidence and demonstrating that he lacks sufficient evidence to establish one or more of the prerequisite elements of his case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505 (1986). The burden then shifts to the plaintiff to demonstrate there is evidence with which he can state a claim. *Id.* at 256-67; *accord Celotex*

UNITED'S MOTION FOR SUMMARY JUDGMENT - 11
Case No. C09-0163-RSM

115616.0011/1729406.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (once moving party shows no evidence supports an essential element of nonmovant's claim, nonmoving party has the burden to demonstrate genuine issue of material fact exists).

Here, summary judgment should be granted because Watkins cannot present sufficient evidence to establish a valid claim for benefits under ERISA. Moreover, he cannot show that there is a general issue of material fact, or a legal basis, preventing a finding that that (1) he failed to file a claim for prescription drug benefits benefits; (2) failed to timely appeal United's claim determinations arising out of the Plan and thus, failed to exhaust his administrative remedies regarding benefits; (3) he is not entitled to benefits during the period after which his coverage lapsed.

## IV. CONCLUSION

Based on the forgoing reasons, United's motion for summary judgment should be granted.

DATED, October 9, 2009.

LANE POWELL PC

By _____
Barbara J. Duffy, WSBA No. 18885
Renee Grant Bluechel, WSBA No. 39500
Attorneys for Defendant United Healthcare, Inc.

UNITED'S MOTION FOR SUMMARY JUDGMENT - 12
Case No. C09-0163-RSM

115616.0011/1729406.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I, Terri L. Potter, hereby make the following Declaration from personal knowledge

On October 9, 2009, I presented the attached document to the Clerk of the Court for filing and uploading to the CM/EFC system.

In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys:

John R. Scannell, Esq.
ActionLaw.Net
PO Box 3254
Seattle, WA  98114-3254

I HEREBY DECLARE UNDER PENALTY OF PERJURY under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

EXECUTED this 9th day of October, 2009, at Seattle, Washington.

_____
Terri Potter

UNITED'S MOTION FOR SUMMARY JUDGMENT - 13
Case No. C09-0163-RSM

115616.0011/1729406.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107